Answer to the Complaint
# 2:07cv392-MHT

RECEIVED

Jeff March
v
Derrell Vaughn Plumbing

2007 MAY 30 A 9: 03

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

I, Derrell Vaughn, Jr, President of Derrell Vaughn Plumbing, Heating, & Air Conditioning, Inc., answer the complaint *pro se,* and for this reason, I pray Mr. Nelms' and the court's patience and understanding in my presentation of this answer. Not being an attorney, I apologize for not following the usual and customary form and terminology.

I am intending to secure an attorney, but Jeff March is one of the primary reasons I cannot yet do so. Mr. March brought my company into two separate legal cases through his willful and deceptive corner-cutting on services he performed for my company, and knowing he had done so and the day of reckoning was near, he then left my employment with no notice whatsoever, at the beginning of the busiest portion of our cooling season. I have had to use what limited resources (of time and money) as are available to pay on the $ 3,000 fine my company recently received at the hands of the State of Alabama Board of Heating & Air Conditioning Contractors. This was due to Mr. March intentionally violating numerous safety codes.

I further had to spend $ 1,000 on radio advertising to quickly find his replacement, because since he gave no notice for his departure, I had to forego conventional word-of-mouth means I have always used in the past to recruit prospective employees. There are several thousand dollars in other unnecessary expenses that I incurred as a direct result of Mr. March's carlessness, and these other incidents often involved intentional deception and/or an egregious lack of professionalism on his part. Once I secure an attorney, there will be more details on all of this to follow, and most likely, a counter-suit on my part.

**To more directly answer the allegations, I deny any and all charges that Mr. March is owed any compensation whatsoever.** Mr. March entered into an agreement with my company to payroll deduct a small portion of the aforementioned thousands of dollars he cost the company. This was arranged as a final plea on his part to "save his job" yet again, after Mr. March acknowledged multiple grounds for termination. Any and all employees of my company at the time can attest to the fact that he willfully entered into the agreement. Mr. March further placed smaller financial burdens upon the company involving missing tools and other expenses associated with his sudden departure.

*I present this in person to the law office of Mr. Nelms, today May 29, with copy to follow for the Clerk of the Court.*

Signed this 29th day of May, 2007, by Derrell Vaughn, Jr.

*/s/ Derrell Vaughn/*

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
_____Northern_____ DIVISION

### CERTIFICATE OF SERVICE

I, __Derrell Vaughn Jr__, do hereby Certify that a true and correct copy of the foregoing has been furnished ☒ __in person__ (manner of service, i.e., U.S. Mail, electronic mail, etc.) on this __30__ day of __May__ 20__07__, to:

Andy Nelms
847 South McDonough St
Montgomery, AL 36104

__5-30-07__                              __Derrell Vaughn Jr__
Date                                      Signature


Derrell Vaughn Jr
Vaughn Plumbing, Htg, & Air
2028 Mt Meigs Road
Montgomery, AL 36107